UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sheila Gill, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 07-0064 (EGS) |
| v. ) | |
| ) | |
| Mayor of the District Of Columbia, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants District of Columbia, Mayor of the District of Columbia, and Superintendent Clifford Janey, by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(5) and (6), hereby move this Court to dismiss the plaintiff's Title VII and Age Discrimination in Employment Act ("ADEA") Complaint with prejudice for the following reasons: 1) the plaintiff failed to effectuate proper service on the District and/or the Mayor[1]; 2) all Title VII claims must be dismissed because age is not a protected class; 3) the Mayor and Superintendent Janey should be dismissed from this matter; 4) a move from one office space to another office space is not actionable under the ADEA; and 5) there is an inference of non-discrimination when the same actor fires and then re-hires the same employee.[2]  A Memorandum of Points and Authorities and a proposed order is attached hereto.  Pursuant to Local Rule 7, undersigned counsel is not required to obtain plaintiff's consent to the instant dispositive motion.

                              Respectfully submitted,

                              LINDA SINGER

---

[1] Neither the District nor the Mayor waives service by filing the instant motion.
[2] Alternatively, if the Court denies this instant Motion, the defendants request that it be denied without prejudice.

Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

_____/s/_____
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov

2

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Sheila Gill,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Mayor of the District Of Columbia, et al.,** )<br>)<br>**Defendants.** )<br>_____) | **Civil No. 07-0064 (EGS)** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Defendants District of Columbia, Mayor, and Superintendent Janey, by and through counsel, hereby submit the instant memorandum of points and authorities in support of its Motion to Dismiss.

*Background*

On January 12, 2007, the plaintiff filed the Complaint in the above-referenced case. At the time the Complaint was filed, the plaintiff was 54 years old. (Complaint at ¶ 2.) Plaintiff alleges the following:

In September 1979, she was "hired as a classroom teacher." (Complaint at ¶ 6.) In September 1998, she became a school counselor. (Complaint at ¶ 6.) Eileen Susan Wilson was the principal of "Thurgood Marshall Extended Elementary School from September 2001 to June 2005." (Complaint at ¶ 8.) In September 2003, a math resource teacher took over her office space, and she "was moved into a common area that was not conducive to Plaintiff's assigned duties of counseling students." (Complaint at ¶ 9-10.)

3

On June 30, 2004, plaintiff was "terminated from her position as a school counselor at Thurgood Marshall Elementary School [and] … was reinstated as a school counselor on January 14, 2005 without back pay or loss benefits." (Complaint at ¶ 17.) The plaintiff claims that "[t]here was no valid reason for the [termination] of Plaintiff other than because of Plaintiff's age." (Complaint at ¶ 20.)

The plaintiff brought the instant suit pursuant to Title VII and the Age Discrimination in Employment Act ("ADEA"). She named the District, the Mayor and Superintendent Janey as defendants. Notably, the plaintiff alleges no particular wrongdoing by the Mayor and/or Superintendent Janey. Moreover, there are no affidavits of service in the Court record.

### *Standard of Review*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant, therefore, is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271,

4

1276 (D.C. Cir. 1994). By this burden of proof, the plaintiff's claims against the defendants cannot stand. Therefore, the Court should grant the instant Motion.

*Argument*

I.  **PLAINTIFF HAS FAILED TO EFFECTUATE PROPER SERVICE ON THE DISTRICT OF COLUMBIA AND THE MAYOR.[3]**

Fed. R. Civ. P. 4(j)(2) describes the proper manner of service of process on the District:

> …Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon such defendant.

Additionally, "the person effecting service shall make proof thereof to the court." Fed. R. Civ. P. 4(j). According to the Court record, the plaintiff did not submit *any* proof of service on any of the defendants. To date, undersigned counsel has not been informed that service has been effected as to the District and/or the Mayor. Therefore, the complaint against these defendants should be dismissed.

II.  **AGE IS NOT A PROTECTED CLASS UNDER TITLE VII.**

The plaintiff alleges that her lawsuit is predicated on a violation of Title VII and the ADEA. However, the only protected status claimed in the Complaint is age, which is not a protected class under Title VII. *See* 42 U.S.C. § 2000(e) *et seq.* (prohibiting discrimination on the basis of race, color, religion, sex and national origin); *Prince v. Rice*, 453 F. Supp. 2d 14, 19 n.1 (D.D.C. 2006) ("It should be noted that Title VII does not apply to claims of age discrimination."). Therefore, all Title VII claims must be dismissed with prejudice because the plaintiff only alleges discrimination based on age.

---

[3] Undersigned counsel was informed that the Office of General Counsel for the District of Columbia Public Schools accepted service on behalf of Superintendent Clifford Janey.

### III. THE MAYOR AND SUPERINTENDENT JANEY SHOULD BE DISMISSED FROM THIS CASE.

The plaintiff named the Mayor and Superintendent Janey as defendants in this matter. However, they should both be dismissed because there is no individual liability in Title VII and/or ADEA cases. Moreover, the Complaint did not allege any wrongdoing by the Mayor and/or Superintendent Janey. Therefore, both individual defendants should be dismissed with prejudice.

#### A) The Mayor and Superintended Janey Must be Dismissed Because There is No Individual Liability in Title VII and ADEA cases.

However, as a matter of law, there is no individual liability in Title VII and ADEA cases, respectively. *See Mitchell v. AMTRAK*, 407 F. Supp. 2d 213, 218 n.1 (D.D.C. 2005) (dismissing Title VII claims against individual employees because "Title VII does not provide for liability against individual employees."'). *See also Lissau v. Southern Food Serv*., 159 F.3d 177, 180-81 (4th. Cir. 1998) (no individual liability under Title VII and the ADEA); *Tropeano v. City of New York*, 2006 U.S. Dist. LEXIS 86013 *4 (E.D.N.Y. 2006) (internal citations omitted) ("In view of the similarity between the definition … of employer under Title VII and under the ADEA and the ADA, there is no individual liability for employees under any of these acts."). Accordingly, the Mayor and Superintendent Janey should be dismissed with prejudice.

#### B) Alternatively, the Complaint Does Not Allege Any Wrongdoing by the Mayor or Superintendent Janey.

Alternatively, the Mayor and Superintendent Janey are not alleged to have been involved in any of the acts described in the Complaint. Significantly, the plaintiff does not allege that the Mayor and/or Superintendent Janey had any involvement in the particular circumstances that form the basis of her complaint. Nor does she allege that the Mayor and/or Superintendent Janey had any knowledge about the actions described in the Complaint. In fact, other than the case

6

caption and the introductory paragraphs, the complaint does not again mention the Mayor and/or Superintendent Janey. Therefore, both the Mayor and Superintendent Janey are not proper defendants in this case, and all claims against them should be dismissed with prejudice.

### IV. PLAINTIFF'S MOVE FROM ONE OFFICE SPACE TO ANOTHER OFFICE SPACE IS NOT AN ADVERSE ACTION UNDER THE ADEA

Plaintiff alleges that in September 2003, a math resource teacher took over her office space and she "was moved into a common area that was not conducive to Plaintiff's assigned duties of counseling students." (Complaint at ¶ 9-10.) She provides no specific details as to how her duties were changed, if any. However, the plaintiff cannot recover under ADEA for this act because it is not an adverse action.[4]

In *Brown v. Brody*, 199 F.3d 446 (D.C. Cir. 1999), the District of Columbia Circuit re-affirmed the standard when a plaintiff makes a disparate treatment claim pursuant to Title VII, or here, the ADEA, as the plaintiff does in the instant case:

> … to state a prima facie claim of disparate treatment discrimination, the plaintiff must establish that (1) she is a member of a … protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.

*Id.* at 452. To that end, it is clear that a plaintiff must prove that she suffered an adverse employment or personnel action.

However, the *Brown* court specifically held that a lateral transfer is not an actionable injury.

> A plaintiff … who is made to undertake or who is denied a lateral transfer--that is, one in which she suffers no diminution in pay or benefits--does not suffer an actionable injury unless there are some other materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm.

---

[4] *See Brown v. Brody*, 199 F.3d 446, 456 N.10 (D.C. Cir. 1999) ("Courts of appeals routinely apply the same standards to evaluate Title VII claims as they do ADA claims, ADEA claims, and even ERISA claims.")

*Id.* at 457. In this case, the plaintiff has not even alleged a lateral transfer. Rather, she simply alleged that she was moved to a different office space so that a math resource teacher could take her old space. Notably, she did not allege that this move resulted in any diminution in pay or benefits or that she suffered any other materially adverse consequences. Accordingly, this move is not an adverse action and any claims relating to this move should be dismissed with prejudice.

    V.    **THERE IS AN INFERENCE OF NO DISCRIMINATORY INTENT WHEN, AS HERE, THE SAME ACTOR TERMINATES AND THEN REHIRES THE SAME EMPLOYEE.**

Furthermore, the fact that the plaintiff was reinstated by Ms. Wilson only six months after her termination creates an inference of a non-discriminatory motive. Where a supervisor has hired, promoted, or taken another employment action favorable to an employee, there is a "permissible inference" that no discriminatory animus motivated that individual's actions adverse to the plaintiff. *Williams v. Vitro Servs. Corp.*, 144 F.3d 1438, 1441 (11th Cir. 1998); *see also Waterhouse v. District of Columbia*, 124 F. Supp. 2d 1, 12 (D.D.C. 2000) ("The fact that the same individuals hired and terminated plaintiff within an eleven-month period further undercuts any allegation of discrimination.."). *See Grady v. Affiliated Central, Inc.*, 130 F.3d 553, 560 (2nd Cir. 1997) ("when the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire," especially "when the firing has occurred only a short time after the hiring"); *EEOC v. Our Lady of the Resurrection Med. Center*, 77 F.3d 145, 152 (7th Cir. 1996) (presumption of non-discrimination where same manager hired and fired plaintiff within ten-month period); *Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996) (same-actor analysis within a short time frame creates "strong inference … that there was no discriminatory motive"); *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 959

8

(4th Cir. 1996) (where individual who hired plaintiff was same person who failed to promote her, "there is a powerful inference that the failure to promote her was not motivated by discriminatory animus").

This so-called "same-actor inference" applies here. As the Complaint alleges, Ms. Wilson was "at all times the Principal of Thurgood Marshall Extended Elementary School from September 2001 to June 2005 and an agent for the Defendants." (Complaint at ¶ 8.) Notably, this time frame encompasses when Ms. Gill was terminated, on June 30, 2004, to when she was reinstated, January 14, 2005. It is difficult to imagine why, if Ms. Wilson was motivated to discriminate against plaintiff based on her age in June 2004, she would have taken action *only six months later* to reinstate her in the same position. As the Sixth Circuit explained, "An individual who is willing to hire and promote a person of a certain class is unlikely to fire them simply because they are a member of that class. This general principle applies regardless of whether the class is age, race, sex, or some other protected classification." *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995).

WHEREFORE, the defendants respectfully request that the Court dismiss the plaintiff's Complaint with prejudice.[5]

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

---

[5] Alternatively, if the Court denies this instant Motion, the defendants request that it be denied without prejudice.

9

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

_____/s/_____
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Sheila Gill,** )<br>  )<br>     **Plaintiff,** )<br>  )<br> **v.** )<br>  )<br> **Mayor of the District Of Columbia, et al.,** )<br>  )<br>     **Defendants.** )<br> _____ ) | **Civil No. 07-0064 (EGS)** |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Upon consideration of the Defendants' Motion to Dismiss, any opposition thereto and the facts and law considered, it is this ____ day of _____, 2007,

HEREBY ORDERED that the Defendant's Motion is GRANTED; and it is further

ORDERED that the Complaint is DISMISSED WITH PREJUDICE.

_____
The Honorable Emmet G. Sullivan
United States District Court Judge