**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Sheila Gill, | ) |
| | ) |
|           **Plaintiff,** | ) |
| | )     **Civil No. 07-0064 (EGS)** |
|     **v.** | ) |
| | ) |
| **Mayor of the District Of Columbia, et al.,** | ) |
| | ) |
|           **Defendants.** | ) |
| | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S AMENDED OPPOSITION TO THEIR
MOTION TO DISMISS THE COMPLAINT**

Defendants District of Columbia, Mayor of the District of Columbia, and Superintendent

Clifford Janey, by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(5) and (6), hereby

submit this Reply to plaintiff's Amended Opposition[1] to their Motion to Dismiss.  In their

Motion, the defendants moved this Court to dismiss the plaintiff's Title VII and Age

Discrimination in Employment Act ("ADEA") Complaint with prejudice for the following

reasons: 1) the plaintiff failed to effectuate proper service on the District and/or the Mayor[2]; 2)

all Title VII claims must be dismissed because age is not a protected class; 3) the Mayor and

Superintendent Janey should be dismissed from this matter; 4) a move from one office space to

another office space is not actionable under the ADEA; and 5) there is an inference of non-

discrimination when the same actor fires and then re-hires the same employee.

---

[1] On March 20, 2007, at approximately 11:29 am, the plaintiff filed a document entitled "Opposition" to
the defendants' Motion to Dismiss (document No. 4 on the Court's docket).  Later that same date, at
approximately 1:35 pm, she filed another document, entitled "Amended Opposition" (document No. 5).
Based on the title and content of these filings, undersigned counsel reads the Amended Opposition
(document No. 5) as superceding the original Opposition (document No. 4).  To the extent that this
reading is inaccurate, the defendants would respectfully request an opportunity to respond to the original
Opposition.

The plaintiff's Amended Opposition concedes that age is not a protected class under Title VII. The plaintiff also fails to rebut the defendants' remaining arguments.

### 1. THE PLAINTIFF CONCEDES THAT ALL TITLE VII CLAIMS SHOULD BE DISMISSED.

In her Amended Opposition, the plaintiff concedes that age is not a protected class under Title VII. (Amended Opposition at 1.) Therefore, all Title VII claims should be dismissed with prejudice.

### 2. PLAINTIFF HAS NOT DEMONSTRATED THAT SHE EFFECTED PROPER SERVICE ON THE MAYOR OR THE DISTRICT.

In their Motion, the defendants acknowledged that the Office of General Counsel for DCPS accepted service for Superintendent Janey. However, the defendants argued that there was no proof of service on the remaining defendants, Mayor and/or the District.[3]

The plaintiff's Amended Opposition includes two contradictory statements with respect to service. The plaintiff first claims that "she still has time to serve the Mayor of the District of Columbia and shall do so in the very near future." (Amended Opposition at 3.) She also includes an unsigned and non-notarized "affidavit", which states that the Complaint and related papers were sent via certified mail to the Mayor, the District and Superintendent Janey at the Office of the Attorney General on January 12, 2007.

In any event, plaintiff has not demonstrated that service was properly effected on the Mayor and/or the District. Moreover, plaintiff's affidavit does not comply with Fed. R. Civ. P. 4(j)(2), which reads:

---

[2] Neither the District nor the Mayor waives service by filing the instant motion.

[3] Prior to filing the defendants' Motion, undersigned counsel contacted plaintiff's counsel to inquire if service had been effected. Prior to the motion being filed, undersigned counsel was not informed of the method of service described in the plaintiff's Amended Opposition.

…Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon such defendant.

In this case, the plaintiff chose to utilize a method of service—certified mail—that was authorized in the civil procedure rules for the Superior Court for the District of Columbia rather than effectuating service under one of the mechanisms authorized by the federal rules. However, in choosing to use this method of service, the plaintiff was required to undertake an additional burden to achieve service on the District—she had to serve *both* the Mayor and the Office of the Attorney General. *See* Super. Ct. Civ. R. 4(j)(1) ("Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee).").

The mandatory language of Super. Ct. Civ. R. 4(j) does not permit the court to exercise any discretion. The Superior Court Civil Procedure Rules are clear and unambiguous regarding who must be served in order to bring a cause of action against the District of Columbia. According to Super. Ct. Civ. R. 4(j), service on the Mayor is proper only if he is served personally, or service is made on an official designee of the Mayor. Similarly, service on the Attorney General is accomplished only where service is made on the Attorney General himself or an official designee. Super. Ct. Civ. R. 4(j) states that "[t]he Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court." Super. Ct. Civ. R. 4(j). The Rules therefore clearly state that the Mayor and the Attorney General can be served only if service is effectuated on the parties themselves or those agents listed as official designees with the Clerk.

The Office of the Attorney General has designated Darlene Fields, Tonia Robinson and/or

Gale Rivers to accept service of process on its behalf. Office Order No. 2005-19, attached hereto as

Exhibit A. The Mayor has designated Tabatha Braxton, Arlethia Thompson and Erica Easter to

accept service of process on his behalf. January 16, 2007 Memorandum Regarding Designation of

Staff to Handle/Accept Legal Correspondence, attached hereto as Exhibit B.

Pursuant to Super. Ct. Civ. R. 4(l), it is the plaintiff's obligation to prove that the Mayor and

the District was served in accordance with the provisions of Rule 4(j). If service is attempted via

registered or certified mail, permitted under Super. Ct. Civ. R. 4(c)(3), "the return shall be

accompanied by the signed receipt attached to an affidavit." Super. Ct. Civ. R. 4(l)(2). According

to the Rule, "if the return receipt does not purport to be signed by the party named in the summons,"

the affidavit also must include "specific facts from which the Court can determine that the person

who signed the receipt meets the appropriate qualifications for receipt of process set out in

subdivisions (e) through (j) of this Rule." *Id.* Simply put, if the Mayor and Attorney General do not

*themselves* sign the certified return receipt, it is the Plaintiff's obligation to attest to facts showing

that the mailings were received by official designees for service of process.

Here, the Plaintiff has failed to properly serve the Mayor's Office and the Office of the

Corporation Counsel, now Office of the Attorney General. The plaintiff's affidavit and attached

green card return receipts demonstrate that "M. Smith" signed the green card return receipts for the

Mayor and the Office of the Attorney General. As described above, "M. Smith" is not an

authorized designee for the Mayor and/or the Attorney General. Moreover, there is no indication

that "M. Smith" was otherwise authorized to accept service for the Mayor and/or the Office of the

Attorney General.[4]  Therefore, in the absence of such evidence, the plaintiff did not comply with

Super. Ct. Civ. R. 4 and, hence, did not comply with F.R.C.P. 4(j)(2).

### 3.   THE PLAINTIFF'S AMENDED OPPOSITION DOES NOT REFUTE THE DEFENDANTS' LEGAL ARGUMENTS.

As Ms. Gill concedes in her Amended Opposition, the only viable claim is her claim of

age discrimination pursuant to the ADEA.  However, the plaintiff's Amended Opposition fails to

rebut all of the defendants' arguments regarding the deficiencies in her ADEA claim.  Therefore,

all ADEA claims, as argued herein, should be dismissed with prejudice.[5]

### a.   The Plaintiff Does Not Refute the Defendants' Arguments Regarding Individual Liability.

The defendants argued that the Mayor and Superintendent Janey should both be

dismissed because there is no individual liability in Title VII and/or ADEA cases.  Moreover, the

Complaint did not allege any wrongdoing by the Mayor and/or Superintendent Janey.

The plaintiff's Amended Opposition fails to even address this argument.  In fact, the

Amended Opposition fails to entirely reference by name or title the Mayor and/or Superintendent

in her Amended Opposition (with the exception of her brief discussion of service).  Accordingly,

the Court should treat these arguments as conceded and dismiss with prejudice the Mayor and

Superintendent Janey.  *See* Local Rule 7(b) ("If such a memorandum [of points and authorities]

is not filed within the prescribed time, the Court may treat the motion as conceded.").

---

[4] Moreover, the green card return receipts show that each of the mailing was sent to 441 4th Street, NW. However, the Mayor's designees are assigned to work at the Wilson Building, located at 1350 Pennsylvania Avenue, NW, not the Office of the Attorney General, which is centrally located at 441 4th Street, NW.

[5] As indicated, the Complaint *only* identified Title VII and the ADEA as the legal bases for plaintiff's discrimination claims.  Curiously, the plaintiff references the statutory section for the D.C. Human Rights Act in her Opposition.  *See* Opposition at 3 (citing D.C. Code § 2-1402.11).  Given the Complaint's clear identification of Title VII and the ADEA as the legal bases for her claims and the lack of any reference to a claim under the Human Rights Act, undersigned counsel reads the Opposition's reference to the Human Rights Act as an error.

### b. The Plaintiff Does Not Refute the Defendants' Argument that a Move From One Office Space to Another Office Space is not an Adverse Action.

The defendants argued that plaintiff's move to a different office space was not an adverse action and, therefore, was not actionable under the ADEA. *See Brown v. Brody*, 199 F.3d 446, 456 N.10 (D.C. Cir. 1999). When faced with this argument, the plaintiff's Amended Opposition reiterated the language of the Complaint, *i.e.,* that the move "was not conducive to the confidentiality required by a school counselor." (Amended Opposition at 2.) Moreover, the Amended Opposition fails to offer any explanation of how the transfer to a different office space resulted in any diminution in pay or benefits or any other materially adverse consequences. The plaintiff offers no case law or other legal authority to support her contention that the transfer to another office space is actionable.

Due to the lack of any meaningful response by the plaintiff, the Court should treat this argument as conceded and dismiss with prejudice any claim based on Ms. Gill's move to a different office space. *See* Local Rule 7(b) ("If such a memorandum [of points and authorities] is not filed within the prescribed time, the Court may treat the motion as conceded.").

### c. Plaintiff's Opposition Fails to Rebut the Inference of Non-Discrimination.

The Complaint alleges that Ms. Gill was terminated then re-hired in a six-month period. The Complaint also alleges that Ms. Wilson, the only management person identified in the Complaint other than the Mayor and the Superintendent, was the same principal throughout this time period. In the absence of any other facts, the reasonable inference from the allegations in the Complaint is that Ms. Wilson terminated and then re-hired Ms. Gill.

The defendants' Motion argued that the plaintiff's reinstatement by the same individual who terminated her only six months later – Ms. Wilson – creates an inference of a non-

discriminatory motive.  The defendants' Motion cited numerous cases supporting such an

inference and asked that the Court apply that inference to this case.

Plaintiff's Amended Opposition fails to rebut this inferential argument.  In fact, the

plaintiff disregards the legal standard for a motion to dismiss and proffers – for the first time in

her Amended Opposition – new allegations to support her claim of age discrimination.

(Amended Opposition at 2.)  Notably, she does not dispute that Ms. Wilson terminated her.  *See*

Amended Opposition at 2 (" … she then fired Plaintiff…").  Rather, she contends that Ms.

Wilson did not re-hire her.  (Amended Opposition at 2.)  Plaintiff takes this surprising position

even though the Amended Opposition states that Ms. Wilson was responsible for hiring other

individuals at the same school during the same time period.  (Amended Opposition at 2.)

Conveniently, though, the plaintiff does not identify who made the decision to re-hire Ms. Gill, if

it was not Ms. Wilson.

The plaintiff is clearly attempting to avoid dismissal by amending the allegations in her

Complaint through her Amended Opposition.  However, this is simply improper.  Because the

only reasonable inference from the allegations in the Complaint (and substantiated generally by

the Amended Opposition) is that Ms. Wilson was responsible for terminating then re-hiring the

plaintiff, and the lack of any contrary authority, the Court should determine that there is an

inference of a non-discriminatory motive.  Moreover, in the absence of any allegations

contradicting that inference, the Court should conclude that the plaintiff's Complaint fails to state

a claim upon which relief can be granted and dismiss plaintiff's Complaint.

WHEREFORE, for the foregoing reasons, the Court should dismiss plaintiff's Complaint.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

7

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III


_____/s/_____
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov

8

# EXHIBIT A

GOVERNMENT OF THE DISTRICT OF COLUMBIA
OFFICE OF THE ATTORNEY GENERAL



ATTORNEY GENERAL

Office Order No. 2005-19

SUBJECTS:  Designation of employees authorized to receive service of process on behalf
of the Attorney General for the District of Columbia.

Pursuant to Reorganization Order No. 50 of June 26, 1953, as amended, the following
employees in the Civil Litigation Division, Office of the Attorney General for the District of
Columbia, are designated to receive service of process on behalf of the Attorney General
(formerly the Corporation Counsel) when service is required to be made on the Attorney
General or the District pursuant to Rule 4(j) of the Civil Rules of the Superior Court or
pursuant to Mayor's Order:

> Darlene Fields, Secretary
> Tonia Robinson, Legal Assistant
> Gale Rivers, Secretary

In the absence of these three individuals, the Deputy or the Assistant Deputy of the Civil
Litigation Division may also accept service of process.

An employee receiving service of process pursuant to this Order shall note the time and date
of receipt on the document, and shall forward all papers served on the employee to the Civil
Litigation Division for docketing.

This Order will take effect immediately and supersedes all previous Orders, including Office
Order No. 4-91 (May 17, 1991), to the extent of any inconsistency.

Robert J. Spagnoletti
Attorney General

Dated this 6th day of June, 2005

# EXHIBIT B

## Government of the District of Columbia
### Office of the Secretary of the District of Columbia



Dr. Stephanie D. Scott
Acting Secretary of the District of Columbia

## MEMORANDUM

**TO:**      Mr. George Valentine
             Deputy Attorney General
             Civil Litigation Division
             Office of the DC Attorney General

**FROM:**    Dr. Stephanie D. Scott
             Acting Secretary of the District of Columbia

**DATE:**    January 16, 2007

**SUBJECT:** Designation of Staff to Handle/ Accept Legal Correspondence
             (Summons, Subpoenas, Civil Actions)

In accordance with Mayor's Order 2004-77, dated May 14, 2004, the memorandum serves to notify the Office of the Attorney General that the employees named below are, herewith, designated to received legal correspondence on behalf of the Mayor/Secretary of the District effective January 12, 2007.

- Tabatha Braxton, Staff Assistant, Office of the Secretary
- Arlethia Thompson, Executive Assistant, Office of the Secretary
- Erica Easter, Chief of Staff, Office of the Secretary

Should you have any questions, please do not hesitate to contact me. I can be reached at (202) 727-6306.

Cc:  The Mayor's Correspondence Unit
     Peter Nickels, General Counsel to the Mayor
     Linda Singer, Attorney General

1350 Pennsylvania Avenue, NW, Suite 419, Washington, DC  20004 (202) 727-6306