## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ )
SHEILA H. GILL,                 )
                                )
                 Plaintiff,     )
                                )
          v.                    )  Civil Action No. 07-64 (EGS)
                                )
MAYOR OF THE DISTRICT           )
OF COLUMBIA, *et al*.,          )
                                )
                 Defendants.    )
_____ )

### MEMORANDUM OPINION

Plaintiff Sheila Gill has filed a lawsuit alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., and Title VII, 42 U.S.C. § 2000e *et seq*. Pending before the Court is defendants' motion to dismiss the complaint.  Upon consideration of the motion, response and reply thereto, and applicable law, the Court **grants in part and denies in part** defendants' motion.

I.    **BACKGROUND**

Plaintiff was hired as a classroom teacher for the D.C. public schools in September 1979.  Compl. ¶ 6.  She became a school counselor in September 1998.  *Id*.

In September 2003, plaintiff worked as a school counselor at Thurgood Marshall Extended Elementary School.  *Id*. ¶ 7.  At all times between September 2001 and June 2005, Eileen Susan Wilson was the principal of the school.  *Id*. ¶ 8.  In September 2003,

plaintiff alleges that she was moved from her counseling office
at the school into a common area that was not conducive to
plaintiff's assigned duties of counseling students. *Id.* ¶¶ 9-10.
Plaintiff further alleges that her office was given to a math
resources teacher who left Montgomery County Schools after being
cited for willful neglect and misconduct in office. *Id.* ¶ 9.

On June 30, 2004, plaintiff was terminated from her position
as school counselor. *Id.* ¶ 17.  Plaintiff was then reinstated as
school counselor on January 14, 2005 without backpay and without
compensation for lost benefits. *Id.*  Defendants claimed budget
shortfalls as a reason for firing plaintiff but plaintiff alleges
that grant money separate from the school budget paid for the
school counselor position. *Id.* ¶ 19.

Plaintiff claims that the school's actions were the result
of age discrimination.  Plaintiff was 54 years old at the time
she filed her complaint in this Court. *Id.* ¶ 2.  She indicates
that Principal Wilson noted plaintiff's gray hair on several
occasions and suggested that plaintiff go to the principal's
stylist. *Id.* ¶ 11.  Plaintiff also points to comments by the
principal referring to the vice principal as "Grandma" because of
her age and ideas. *Id.* ¶ 12. Finally, plaintiff alleges the
hiring and retention of other individuals under 40 and indicates
that experienced counselors in other schools were also terminated

while younger, less experienced counselors kept their jobs.  *Id*.
¶¶ 14-18.

Plaintiff filed her complaint in this Court on January 12, 2007.  Plaintiff alleges age discrimination under ADEA and Title VII.  Plaintiff names the District of Columbia, the Mayor of the District, and Superintendent of D.C. Public Schools as defendants.  On March 9, 2007, defendants filed a motion to dismiss.

**II.  ANALYSIS**

Defendants have moved to dismiss plaintiff's complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.  Specifically, defendants move to dismiss for the following reasons:  (1) plaintiff failed to effectuate proper service on the District of Columbia and/or the Mayor; (2) age is not a protected class under Title VII; (3) the Mayor and Superintendent are not proper defendants; (4) a move from one office space to another is not actionable under ADEA; and (5) there is an inference against discrimination when the same actor fires and then rehires the same employee.

**A.    Standard of Review**

**1.    Rule 12(b)(5)**

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a court may dismiss a complaint without prejudice for ineffective service of process.  *See* Fed. R. Civ. P. 12(b)(5); *Simpkins v.*

3

*Dist. of Columbia Gov't*, 108 F.3d 366, 368-69 (D.C. Cir. 1997). "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal quotations and citations omitted).

### 2.   Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Dismissal is not appropriate unless the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1974) (holding that a court may dismiss a complaint for failure to state a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *see also Andrx Pharm. v. Biovail Corp. Int'l*, 256 F.3d 799, 805 (D.C. Cir. 2001). "[T]he court need not accept inferences drawn by plaintiffs if such inferences

4

are unsupported by the facts set out in the complaint.  Nor must
the court accept legal conclusions cast in the form of factual
allegations." *Kowal*, 16 F.3d at 1276.

    **B.    Service of Process on District of Columbia and Mayor**

    Defendants argue that plaintiff has failed to properly serve
the District of Columbia and the Mayor.  In response, plaintiff
submitted an affidavit of service and copies of the certified
mail return-receipt cards, which state that she mailed her
complaint to the District, the Mayor and the Superintendent by
first-class mail on January 12, 2007 and that the service was
signed for on January 16, 2007.  Defendants reply that even if
plaintiff did mail the complaints by certified mail, she did not
properly serve either the District of Columbia or the Mayor
because she did not get the requisite signature from the Mayor
and Attorney General or their assigned designees.  Moreover,
plaintiff only attempted to serve the Office of the Attorney
General and not the Mayor's office.

    The Court agrees with defendants that plaintiff failed to
effect proper service.  More than 120 days have now elapsed since
the filing of the complaint.  Under Rule 4(m) of the Federal
Rules of Civil Procedure, the plaintiff must properly serve the
summons and complaint on the defendant within 120 days of the
filing of the complaint.  Fed. R. Civ. P. 4(m).  If service is
not made upon a defendant in accordance with Rule 4, "the court,

upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." *Id*. Although the Court does not condone failure to comply with the requirements of Rule 4 for service of a complaint, there is no indication that granting the plaintiff additional time to serve the complaint will unduly prejudice the defendants.  Seeing no prejudice and in the interests of judicial economy, the Court exercises its discretion to grant plaintiff additional time to perfect service on the District of Columbia as indicated in the accompanying Order.[1]  *See Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 89-90 (D.D.C. 2004).  Accordingly, the Court denies defendants' motion to dismiss based on ineffective service of process.

### C.   Age is Not a Protected Class Under Title VII

In her complaint, plaintiff alleges age discrimination pursuant to Title VII.  Age, however, is not a protected class under Title VII.  *See* 42 U.S.C. § 2000(e) *et seq.* (prohibiting discrimination on the basis of race, color, religion, sex, and national origin); *Prince v. Rice*, 453 F. Supp. 2d 14, 19 (D.D.C. 2006) ("It should be noted that Title VII does not apply to claims of age discrimination.").  Accordingly, the Court grants

---

[1] As discussed in more detail below, the District of Columbia is the only proper defendant in this case.

6

defendants' motion as to this claim and dismisses it with prejudice.

###    D.    Dismissal of Mayor and Superintendent

Defendant moves to dismiss the Mayor and Superintendent of D.C. Schools from the case for two reasons. First, there is no individual liability in Title VII and/or ADEA cases. Second, plaintiff does not allege that the Mayor or Superintendent were engaged in any wrongdoing.

The ADEA does not provide for liability against individual defendants in their personal capacities. *See Murphy v. PriceWaterhouseCoopers, LLP*, 357 F. Supp. 2d 230, 244 (D.D.C. 2004). Moreover, "because an official capacity suit against an individual is the functional equivalent of a suit against the employer," plaintiff's claims against the Mayor and Superintendent under the ADEA are "redundant and an inefficient use of judicial resources." *Cooke-Seals v. Dist. of Columbia*, 973 F. Supp. 184, 187 (D.D.C. 1997). Accordingly, the Court grants defendants' motion to dismiss the Mayor and Superintendent from the lawsuit, as the employer (District of Columbia) has already been named as a defendant. The Mayor and Superintendent are dismissed with prejudice.

###    E.    Move from One Office Space to Another

Defendants argue that the Court should dismiss plaintiff's ADEA claim premised on her move from one office space to another

7

because such a move is not an adverse action.  Defendants recite
the standard for establishing a prima facie case of
discrimination and then argue that plaintiff cannot meet the
adverse employment action prong.

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973),
the Supreme Court set forth the *evidentiary* standard a
complainant must satisfy in order to establish a prima facie case
of discrimination under Title VII.[2]  The *McDonnell Douglas*
framework is not a pleading standard.  *See Swierkiewicz v.
Sorema*, 534 U.S. 506, 511 (2002) ("[T]his Court has never
indicated that the requirements for establishing a prima facie
case under *McDonnell Douglas* also apply to the pleading standard
that plaintiffs must satisfy in order to survive a motion to
dismiss.").  Under Federal Rule of Civil Procedure 8(a)(2), a
complaint need include only "a short and plain statement of the
claim showing that the pleader is entitled to relief."  Such a
statement must simply "give the defendant fair notice of what the
plaintiff's claim is and the grounds upon which it rests."
*Conley v. Gibson*, 355 U.S. 41, 47 (1957).  There is no heightened
pleading requirement for employment discrimination cases.  *See
Swierkiewicz*, 534 U.S. at 515.

---

[2] "Courts of appeals routinely apply the same standards to
evaluate Title VII claims as they do ADA claims, ADEA claims, and
even ERISA claims." *Brown v. Brody*, 199 F.3d 446, 456 n.10 (D.C.
Cir. 1999).

In view of the liberal pleading standards, plaintiff's allegations regarding her office move are sufficient to survive a motion to dismiss.  Defendants are on notice as to the alleged adverse action, the relevant dates, and the alleged discriminatory reason (age).  The Court cannot say at this stage that plaintiff can prove no set of facts that would allow her to support a claim of discrimination based on her office move. Plaintiff alleges that the move was not conducive to her assigned duties of counseling students.  Whether plaintiff's office move is an adverse employment action is a fact-intensive question that will depend on what is revealed in discovery.  Accordingly, the Court denies defendants' motion to dismiss as to the office move allegation.

### F.    Termination and Rehire

Plaintiff claims that she was fired from her job as a school counselor because of her age.  Defendants argue that plaintiff was reinstated by Principal Wilson only six months after she was fired by Principal Wilson.  They point to case law indicating that where the same actor terminates and then rehires the plaintiff, there is an inference of non-discrimination.  *See, e.g., Williams v. Vitro Servs. Corp.*, 144 F.3d 1438, 1441 (11th Cir. 1998); *Grady v. Affiliated Central, Inc.*, 130 F.3d 553, 560 (2d Cir. 1997); *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996).  Although there is ample case law from

various circuits supporting this proposition when analyzing whether plaintiff can show pretext in order to establish the last prong of the *McDonnell-Douglas* test when defending against a summary judgment motion, none of the cases cited by defendants support using this inference to dismiss a case solely based on the pleadings.  As with the office space claim, defendants are jumping ahead to the evidentiary standard established by *McDonnell Douglas* rather than the liberal pleading standard at the motion to dismiss stage.  Accordingly, the Court denies defendants' motion to dismiss as to the termination claim.

**III. CONCLUSION**

For the foregoing reasons, the Court **grants in part and denies in part** defendants' motion to dismiss.  Specifically, the Court deines defendants' motion to dismiss for ineffective service and instead gives plaintiff extra time to perfect service.  The Court dismisses with prejudice all Title VII claims and dismisses with prejudice the Mayor and Superintendent from the lawsuit.  The Court denies, however, defendants' motion to dismiss the ADEA claims with respect to plaintiff's movement of offices and termination.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:**     **Emmet G. Sullivan**
            **United States District Judge**
            **May 25, 2007**