UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA H. GILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, )<br>)<br>Defendant )<br>) | Case Number 1:07CV00064 (EGS) |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant District of Columbia, by and through undersigned counsel, answers Plaintiff's Complaint as follows:

1. Defendant admits that Plaintiff purports to bring this action on the basis of the Age Discrimination in Employment Act of 1967, but denies that Plaintiff's rights were violated or that Plaintiff is entitled to relief under this Act. Plaintiff's Title VII claim was dismissed from the case by the Honorable Emmet G. Sullivan in an order dated May 25, 2007. Defendant admits this Court would have jurisdiction over Plaintiff's claims as alleged if Plaintiff had a meritorious cause of action but denies Defendant has engaged in the unlawful employment practice alleged by Plaintiff. Defendant is without knowledge or information to form a belief as to the truth of whether Plaintiff has exhausted her administrative remedies prior to the commencement of this action and hence denies the allegation.

2. Defendant admits Plaintiff was an American citizen fifty-four (54) years old at the timing of the filing of the Complaint. Defendant admits Plaintiff's Complaint states that Plaintiff is seeking equitable and financial relief under the ADEA, but Defendant denies engaging in any

unlawful employment action and denies that Plaintiff is entitled to any equitable or financial relief under the ADEA or any other relief.

3. Defendant Mayor of the District of Columbia was dismissed from the case by the Honorable Emmet G. Sullivan in an order dated May 25, 2007.

4. Defendant admits the averments of Paragraph four (4).

5. Defendant Clifford B. Janey was dismissed from the case by the Honorable Emmet G. Sullivan in an order dated May 25, 2007.

6. Defendant admits Plaintiff was hired by Defendant in September 1979 but denies Plaintiff was hired as a classroom teacher. Defendant admits that Plaintiff's employment was terminated on June 30, 2004 and that she was rehired on January 24, 2005. Defendant lacks sufficient information to admit or deny the additional allegations contained in Paragraph six (6) and hence denies the allegations.

7. Defendant admits the averments of Paragraph seven (7).

8. Defendant admits the averments of Paragraph eight (8) with the exception of admitting whether Ms. Wilson constituted an agent of Defendant. An averment that Ms. Wilson was an agent of Defendant is a legal conclusion to which no response is required.

9. Defendant admits that Ms. Wilson moved Plaintiff from her office in September 2003. Defendant is without knowledge or information to form a belief as to the truth of the remaining averments in Paragraph nine (9) and hence denies the allegations.

10. Defendant denies the averments in Paragraph ten (10).

11. Defendant denies the averments in Paragraph eleven (11).

12. Defendant denies the averments in Paragraph twelve (12).

13. Defendant denies the averments in Paragraph thirteen (13).

14. Defendant is without knowledge or information to form a belief as to the truth of the averments in Paragraph fourteen (14) and hence denies the allegations.

15. Defendant admits that two male social workers under age 40 assigned to Thurgood Marshall Educational Center at the time of Plaintiff's termination were not subject to termination.

16. Defendant admits Brian Crumb was hired as an administrative assistant after Plaintiff was terminated. Defendant lacks sufficient information to admit or deny the additional averments contained in Paragraph sixteen (16) and hence denies the averments.

17. Defendant admits that Plaintiff's position was abolished on June 30, 2004. Defendant admits that Plaintiff was rehired as a school counselor on January 24, 2005 at the same salary and grade. Defendant lacks sufficient information to admit or deny the additional averments contained in Paragraph seventeen (17) and hence denies the averments.

18. Defendant denies the averments in Paragraph eighteen (18).

19. Defendant admits that Plaintiff's termination was due to a budget shortfall. Defendant denies the remaining averments in Paragraph nineteen (19).

20. Paragraph twenty (20) of Plaintiff's Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent that a response is required, Defendant denies it discriminated against Plaintiff on the grounds alleged in Paragraph twenty (20).

21. Defendant admits that Plaintiff was earning $75,366 per year at the time of Plaintiff's dismissal.

22. Paragraph twenty-two (22) of Plaintiff's Complaint contains a legal conclusion and a statement of Plaintiff's claim to which no response is required. To the extent a response is

required, Defendant lacks sufficient information to admit or deny the averments contained in Paragraph twenty-two (22) and hence denies the averments.

23. Paragraph twenty-three (23) of Plaintiff's Complaint contains legal conclusions and a statement of Plaintiff's claim to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief listed in Paragraph twenty-three (23).

Defendant hereby denies any and all allegations made by Plaintiff unless specially admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts Plaintiff's complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts Plaintiff has failed to exhaust her administrative remedies and failed to comply with other mandatory filing requirements.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts Plaintiff might have failed to file timely a grievance or otherwise failed to protect herself from the alleged conduct.

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts Plaintiff's complaint was filed in an untimely fashion.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts all actions taken by Defendant relating to Plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts Plaintiff failed to meet the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and with the reasonable belief that Defendant's acts were lawful under the circumstances.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts Plaintiff failed to mitigate her damages.

### NINTH AFFIRMATIVE DEFENSE

Defendant asserts Plaintiff's cause of action is barred by the doctrine of laches and/or the Statute of Limitations and the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts Defendant is immune from liability under the doctrines of governmental immunity, privilege and/or official immunity, or qualified immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts Plaintiff's complaint, in its entirety, does not state any facts upon which a claim of relief of attorney fees may be maintained against the Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts that any damages Plaintiff may be due should be offset by any government benefits she may have received during any period of unemployment.

Defendant District of Columbia reserves the right to supplement this Answer during discovery.

Wherefore, Defendant prays that this matter be dismissed with prejudice and that costs be awarded.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General,
        Civil Litigation Division

        _____/s/_____
        PHILLIP A. LATTIMORE, III [422968]
        Chief, General Litigation Sec. III

        _____/s/_____
        WESLEY J. HEATH [488100]
        Special Assistant Attorney General,
        General Litigation Division
        441 Fourth Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 727-6295 (tel)
        (202) 727-3625 (fax)
        E-mail: wes.heath@dc.gov