UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHEILA H. GILL,<br>    Plaintiff | *<br>*<br>* | |
| v. | *<br>* | Case Number 1:07CV00064 (EGS) |
| THE DISTRICT OF COLUMBIA,<br>    Defendant. | *<br>* | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JOINT REPORT TO THE COURT

COME NOW Plaintiff, Sheila H. Gill and the Defendant, the District of Columbia, by and through Counsels, Jacqueline P. Byrd-Tillman, Esquire and Wesley J. Heath, Special Assistant Attorney General for the District of Columbia, and pursuant to the Fed. R. Civ. P. and Local Civil Rule 16.3 report as follows:

Counsels conferred on August 30, 2007.

### PLAINTIFF'S STATEMENT OF THE CASE AND CLAIMS

Plaintiff brings this action seeking redress for violation of rights guaranteed under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. Sections 621 et. Seq. (the "ADEA"). Plaintiff's position was terminated as a result of age discrimination and as a result Plaintiff lost income, union benefits of medical, dental, life insurance, annual leave and retirement benefits. Plaintiff also has expended an enormous amount of money in attorneys' fees to litigate against this discrimination. Plaintiff is seeking damages for these losses.

### DEFENDANT'S STATEMENT OF THE CASE

Plaintiff was a school counselor at Thurgood Marshall Extended Elementary School, a public school of the District of Columbia. Due to budgetary cuts at the District of Columbia

Public Schools ("DCPS"), the position of school counselor at Thurgood Marshall Extended Elementary School was eliminated in June 2004. At that time, DCPS offered Plaintiff counselor positions at other DCPS schools for the same salary. Plaintiff refused those offers. In January 2005, Plaintiff decided to accept employment as a school counselor at a DCPS school with a vacant counselor position.

Plaintiff was not terminated because of age discrimination but rather due to well-known and documented budget shortfalls. Contrary to Plaintiff's representations, neither DCPS nor Thurgood Marshall Extended Elementary engaged in systematic discrimination based on age. Plaintiff's loss of benefits during the interim period when she was not employed by DCPS are the result of her affirmative choice not to accept employment at DCPS schools where funding existed for a school counselor.

I.   <u>WHETHER THE CASE IS LIKELY TO BE DISPOSED BY DISPOSITIVE MOTION</u>

Plaintiff:   Plaintiff intends to file a Motion for Summary Judgment at the end of the discovery phase of this matter. Plaintiff believes that it will succeed on the Motion for Summary Judgment. There are no pending dispositive Motions.

Defendant:  Defendant intends to file a Motion for Summary Judgment at the conclusion of discovery and believes this motion will resolve this case.

II.  <u>AMENDMENT OF PLEADINGS</u>

Plaintiff does not anticipate amending the Complaint but will do so within 45 days of the commencement of discovery.

III. <u>ASSIGNMENT TO A MAGISTRATE JUDGE</u>

The parties are willing to have discovery disputes resolved by a magistrate judge but agree that all other matters should be resolved by a United States District Judge.

IV.   SETTLEMENT

The parties believe that although it may be difficult, a realistic possibility of settling this case exists.

V.    ADR

The parties believe this case could benefit from the court's alternative dispute resolution program and have agreed to a schedule detailed below in VIII.  Settlement talks have not occurred in this case.

VI.   RESOLUTION BY SUMMARY JUDGMENT

The parties believe this case is likely to be resolved by summary judgment and propose the schedule detailed below in VIII.

VII.  INITIAL DISCLOSURES

The parties will make initial disclosures pursuant to Fed. R. Civ. P. 26(a) in accordance with the proposed schedule detailed below in VIII.

VIII. PROPOSED DISCOVERY & PRETRIAL SCHEDULE

The parties have agreed that discovery and pretrial should proceed according to the Fed. R. Civ. P. as follows:

A. Entry of the Scheduling Order;

B. Within 45 days of entry of Scheduling Order, parties will make initial disclosures;

C. Parties shall participate in ADR as soon as practical after they have made initial disclosures;

   D. Parties agree to stay discovery pending outcome of mediation;

   E. If mediation is not successful then:

      1. Joinder of parties and amendment of pleadings within 45 days of last date of the mediation meeting;

      2. Completion of factual discovery within 6 months of the last date of the mediation meeting;

      3. Disclosure of experts and their expert reports within 30 days of the close of factual discovery;

      4. Depositions of experts within 50 days of the close of factual discovery;

      5. Disclosure of rebuttal experts and their rebuttal expert reports within 60 days of close of factual discovery;

      6. Depositions of rebuttal experts within 75 days of close of factual discovery;

      7. Summary Judgment Motions within 45 days of close of expert discovery;

      8. Oppositions to Motions for Summary Judgment within 30 days of filing of Motions;

      9. Replies to Oppositions to Motions for Summary Judgment within 20 days of filing of Oppositions;

      10. Resolution of Motions for Summary Judgment within 90 days (at the discretion of the Court);

      11. Pretrial Conference within 30 days of the resolution of Summary Judgment Motions.

   F. Parties agree that the trial ready date be set at the Pretrial Conference.

IX. <u>EXPERT WITNESSES</u>

The parties have agreed to a schedule for expert witnesses detailed above in VIII.

X. <u>CLASS ACTION ISSUES</u>

Not relevant.

XI. <u>BIFURCATION OF LIABILITY AND DAMAGES</u>

The parties do not anticipate a need to bifurcate this matter.

XII. <u>DATE FOR PRETRIAL CONFERENCE</u>

The parties have agreed to schedule the pretrial conference within 30 days of the resolution of summary judgment motions.

XIII. <u>TRIAL DATE</u>

The parties have agreed to have the trial date set at the pretrial conference.

XIV. <u>OTHER MATTERS</u>

Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order if necessary to guarantee the confidentiality, and to permit the discovery and disclosure, of confidential information and medical information affecting privacy and confidentiality of parties and witnesses in litigation of this nature and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

Respectfully submitted,

_____/s/_____
Jacqueline P. Byrd-Tillman, Esquire
Counsel for Plaintiff
9698 Marlboro Pike
Upper Marlboro, MD  20772
301) 599-2688
(301) 599-2880 (fax)
Bar No.:  414765
E-mail: lawoffjbt@aol.com

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division


_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III


_____/s/_____
WESLEY J.  HEATH [488100]
Special Assistant Attorney General,
General Litigation Division
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9866 (tel)
(202) 727-3625 (fax)
E-mail: **wes.heath@dc.gov**